UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MISTY STEVENSON,

                Plaintiff,

Case No.: 6:07-cv-500-ORL-19JGG

vs.

ORLANDO'S AUTO SPECIALISTS, INC.,
a Florida corporation,

                Defendant.
_____/

**PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND INCORPORATED
STATEMENT OF UNDISPUTED MATERIAL
FACTS AND MEMORANDUM OF LAW**

Plaintiff, Misty Stevenson (hereafter "Stevenson"), by and through counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files her Motion for Partial Summary Judgment and Incorporated Statement of Undisputed Material Facts and Memorandum of Law.

**INTRODUCTION**

In this action, Stevenson is seeking recovery of unpaid overtime compensation pursuant to the Fair Labor Standards Act (FLSA).  As will be set forth below, the undisputed facts demonstrate that Stevenson did not receive overtime premiums for all hours worked in excess of forty (40) per workweek, as is required by the FLSA.  Furthermore, Defendant has not plead or adduced any evidence that might support a good faith defense for its failure to provide overtime premiums.  Plaintiff is therefore entitled to judgment as a matter of law on the issues of liability and liquidated damages.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Stevenson was employed by Defendant Orlando's Auto Specialists, Inc. (hereafter "OAS") from March through October 2006.  Complaint, ¶¶ 10, 11; Answer, ¶¶ 11, 12; Plaintiff's

Responses to Court Interrogatories.  Plaintiff was paid an hourly wage.  Id.  OAS has not asserted that Stevenson was subject to any exemption from the overtime provisions of the FLSA.  See Defendant's Answer and Affirmative Defenses.

Stevenson worked in excess of forty (40) hours in several workweeks during her employment with OAS.  Though the parties are in dispute as to the frequency and extent of Stevenson's overtime work, OAS has acknowledged that Stevenson worked more than forty (40) hours in no less than ten (10) workweeks.[1]  Defendant's Response to Court's Request for a Verified Summary of All Hours Worked by Stevenson.  In those workweeks, Stevenson was not paid one and one-half times her regular rate of pay for all hours worked in excess of forty (40).  Id.  Rather, OAS has acknowledged that Stevenson received only her regular hourly rate ($8.00) for her overtime hours in several weeks.  Id.  Defendant has not plead or proffered any good faith basis for believing that this practice was consistent with the requirements of the FLSA.

## MEMORANDUM OF LAW

I.     Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates that summary judgment be granted if the undisputed facts established by the pleadings, depositions, interrogatory responses, admissions, and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).

Here, the undisputed facts demonstrate that OAS engaged in pay practices that violated the FLSA.  Therefore, Stevenson is entitled to judgment as a matter of law on the issue of liability, leaving the issue of the amount of her damages to be tried.  Moreover, Stevenson is entitled to judgment as a matter of law on the issue of liquidated damages, as OAS did not allege

---

[1] Stevenson asserts that she worked overtime hours that are not reflected in Defendant's Verified Summary.  The issue of the number of overtime hours worked is not addressed by this Motion.  Rather, Plaintiff seeks an order finding that, at a minimum, she is entitled to compensation for the overtime compensation violations that are reflected on the face of Defendant's Verified Summary, along with liquidated damages, attorney's fees and costs.

in its affirmative defenses, and thereby waived its right to assert, that it acted in good faith as defined by the FLSA.  Finally, even if good faith had been plead, no facts have been adduced by OAS that might support a finding of good faith.

II.     The Undisputed Facts Establish That OAS Violated The Overtime Provision Of The FLSA As Matter Of Law

To establish her claim, Stevenson's burden is simply to prove she "performed work for which she was not properly compensated."  See, e.g., Perez v. Palmero Seafood, Inc., 2008 U.S.Dist. LEXIS 15913 *9 (S.D.Fla. 2008); Santelices v. Cable Wiring, 147 F.Supp.2d 1313, 1328 (S.D.Fla. 2001).

Under the FLSA, work is defined as tasks that are "suffered or permitted," and it "is not relevant that the employer did not ask the employee to do the work."  29 U.S.C. § 203(g): Allen v. The Board of Public Education for Bibb County, 495 F.3d 1306, 1314 (11th Cir. 2007).  All that is required is that the employee establish that the employer knew, or had reason to know (constructive knowledge), that the work was performed.  Id.; Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076, 1082 (11th Cir. 1994).  Here, OAS's own verified summary demonstrates that it was aware that Stevenson worked in excess of forty (40) hours in several workweeks.

As Stevenson was an hourly employee, and she is not alleged to have been subject to any exemption to the overtime requirements of the FLSA, she was entitled to one and one-half her regular rate of pay for all hours worked in excess of forty per workweek.  29 U.S.C. § 207. OAS's own Verified Summary shows that, rather than receiving overtime premiums, Stevenson received only her hourly wage of $8.00 for overtime worked in several workweeks. Consequently, this Court should find that OAS violated Section 207 of the FLSA as a matter of law.

III.     Stevenson Is Entitled To Liquidated Damages As A Matter Of Law

Upon a finding of a violation of the overtime provisions of the FLSA, an employer is presumptively also deemed liable to pay liquidated damages in an amount equal to the unpaid overtime compensation.  See, e.g., Kennedy v. Critical Intervention Servs., Inc., 199 F.Supp.2d 1305, 1306-07 (M.D.Fla. 2002), citing 29 U.S.C. § 216(b).  An employer can avoid this result by demonstrating that it acted in good faith.  However, in this context, "good faith" is an affirmative defense that must be plead and proven by the employer.  Weisel v. Singapore Joint Venture, Inc., 602 F.2d 1185, 1191 n.18 (5th Cir. 1979); Cusumano v. Maquipan Intern., Inc., 390 F.Supp.2d 1216, 1218-23 (M.D.Fla. 2005); Reyes v. Falling Stores Enterprises, Inc., 2006 U.S.Dist. LEXIS 30919 *6 (M.D.Fla. 2006).

OAS did not plead "good faith" as an affirmative defense.  Moreover, OAS has not adduced any evidence that might support a finding of good faith.  Consequently, Stevenson is entitled to liquidated damages as a matter of law.

**CONCLUSION**

For the foregoing reasons, Stevenson respectfully requests that this Court enter an Order finding, as a matter of law, that OAS violated the overtime provision of the FLSA, and that she is entitled to liquidated damages in an amount equal to the unpaid overtime compensation ultimately found by a jury to be due in this case.

Date: May 20, 2008                                        Respectfully submitted,

                                                            s/ David H. Spalter
                                                          David H. Spalter, Esq.
                                                          Florida Bar No. 0966347
                                                          Jill S. Schwartz & Associates, P.A.
                                                          180 North Park Avenue, Suite 200
                                                          Winter Park, Florida 32789
                                                          Telephone: (407) 647-8911
                                                          Facsimile: (407) 628-4994
                                                          Email: dspalter@schwartzlawfirm.net

                                                          **Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on May 20, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Defendant's counsel.

                  s/ David H. Spalter
                  David H. Spalter, Esq.
                  Florida Bar No. 0966347