**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MISTY STEVENSON,**

           **Plaintiff,**

**-vs-**                                                                                  **Case No. 6:07-cv-500-Orl-19UAM**

**ORLANDO'S AUTO SPECIALISTS, INC.,**

           **Defendant.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **MEDIATOR'S NOTICE OF WITHDRAWAL AND MOTION FOR SANCTIONS (Doc. No. 32)** |
| **FILED:** | **May 7, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This matter involves a Third-Party Mediator's Notice of Withdrawal and Motion for Sanctions (Doc. No. 32) regarding Defendant's and/or defenses counsel's failure to attend a duly noticed and scheduled mediation conference as ordered by the Court and for failure to comply with the Case Management and Scheduling Order (Doc. No. 21).

    **I.**    **BACKGROUND**

On March 23, 2007, Plaintiff Misty Stevenson ("Plaintiff") filed this action against Defendant Orlando's Auto Specialists, Inc. ("Defendant") for recovery of unpaid overtime compensation

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  Doc. No. 1 at ¶ 1.  On May 25, 2007, the Court entered a Scheduling Order (Doc. No. 9) requiring that:

> No later than 30 days after Defendant files the Verified Summary, counsel for Plaintiff and Defendant shall meet and confer in person in a good faith effort to settle all pending issues, including attorneys' fees and costs.

Doc. No. 9 at ¶ 3.  On June 26, 2007, the Defendant filed its Verified Summary (Doc. No. 14) and a settlement conference was scheduled for July 31, 2007 (Doc. No. 15 at ¶ 3).  On August 2, 2007, Plaintiff filed a Motion to Compel Settlement Conference (Doc. No. 15) because Defendant's counsel canceled the "telephonic settlement conference" due to counsel's involvement in a murder trial.  Doc. No. 15 at ¶ 4.   According to Plaintiff, counsel for the Defendant had not attempted to reschedule the settlement conference.  *Id*. at ¶ 5.  The Defendant did not respond to Plaintiff's motion, and on August 21, 2007, the Court granted the motion to compel.  Doc. No. 16.

In the order, the Court stated:

> Defense counsel has failed to confer with Plaintiff's counsel on this motion as required by Local Rule 3.01(g), and has failed to file any response to the motion.  The fact that defense counsel has given priority to another case does not excuse his complete disregard for the rules and orders of this Court. . . .  Plaintiff's motion to compel is granted.  Counsel for the parties shall meet in person on or before September 7, 2007, in a good faith effort to settle this case.  Failure to comply may result in sanctions, including but not limited to monetary sanctions, striking of the pleadings and entry of default.

Doc. No. 16.  As of September 25, 2007, the parties had not filed their Joint Report Regarding Settlement ("Joint Report"), and the Court entered an Order to Show Cause (Doc. No. 17) directed to both parties.  On the same day, Plaintiff filed the Joint Report (Doc. No. 18) indicating that the parties held the Settlement Conference on September 4, 2007.

On November 26, 2007, the Court entered the Case Management and Scheduling Order ("CMSO") (Doc. No. 21) which provided the parties with a mediation deadline of April 23, 2008. The CMSO provided the following rules regarding the required mediation conference:

> 3. **Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, **shall** attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel and parities who do not attend and participate in good faith in the mediation conference.

Doc. No. 21 at 10-11 ¶ 3 (emphasis supplied). On December 7, 2007, Plaintiff filed with the Court a Notice of Mediation, indicating the parties had designated a mediator, and that the mediation was to occur at counsel for the Plaintiff's office on April 9, 2008, at 10:00 A.M. (Doc. No. 23).[1]

On April 9, 2008, the mediator reported to the Court the following:

> Defendant and Defense Counsel did not appear at the appointed time, claiming they did not receive notice of the Mediation Conference. When it was explained that (1) Plaintiff had posted a notice in this Court's [CM/ECF computer filing system] and (2) the Mediator had a fax confirmation sheet showing delivery of the Mediator's Notice and Fee Disclosure to Defense Counsel's record fax number, Defense Counsel instead chose to cancel the mediation at 10:20 today. The parties will reschedule the mediation for the next available date. The Mediator will impose the entire . . . late cancellation fee on the Defendant, since Plaintiff and her counsel appeared at the scheduled time and place.

Doc. No. 26. On April 11, 2008, the matter was referred for consideration of whether sanctions should be imposed on Defendant and/or defense counsel. Doc. No. 27. On April 25, 2008, the Mediator filed with the Court a Supplemental Report (Doc. No. 30) which stated:

---

[1] Notably, Defense counsel has not contested the statement that the parties agreed to mediate on April 9, 2008 at 10:00 a.m. Counsel for Plaintiff filed two Notices of Mediation on December 7, 2007. Doc. Nos. 22; 23. The first notice erroneously gave the date of mediation as April 10, 2008. Doc. No. 22. On that same day, Plaintiff filed an amended Notice giving the proper date and time. Doc. No. 23.

3

> The Mediator has sought to coordinate the rescheduling of the . . . mediation several times, including by fax dated April 15 . . . and email and phone. While Plaintiff's counsel and the Plaintiff have made themselves available (for June 2 or June 3, 2008), Defense counsel has not cooperated with rescheduling. . . . At this time, regrettably, the Mediator is unable to schedule the mediation and so advise the Court.

Doc. No. 30. On May 7, 2008, the Mediator filed the present Motion.

## II.    THE MOTION

Pursuant to Local Rule 9.02(e) and Rule 10.340, Florida Rules of Mediation, and based on defense counsel's conduct and comments, the Mediator seeks to withdraw. Doc. No. 32. Additionally, pursuant to Local Rule 9.05 and the CMSO, the Mediator seeks sanctions, including his entire cancellation fee and costs, against the Defendant and Defendant's counsel. Doc. No. 32. According to the Mediator, defense counsel had notice of the scheduled mediation because the notice was sent by CM/ECF email to the three email addresses that defense counsel provided to this Court.[2] Doc. No. 32 at 11. In the Motion, the Mediator chronicles the following account of what took place on April 9, 2008:

> At 10:15 AM that day, the [Mediator] called Defense Counsel's office to ascertain his whereabouts and estimated time of arrival. Deanna Cintron in Defense Counsel's office said that there was nothing on the calendar for that morning and that Defense Counsel was out of the office. The [Mediator] explained about the fax confirmation sheet, showing the notice had been received by their office approximately 4 months earlier. She stated they never received it. She agreed to try to reach Defense Counsel.
>
> . . .
>
> At approximately 10:20 AM, Ms. Cintron called back to say she had spoken with Defense Counsel. In the interim, Plaintiff's Counsel and the [Mediator] had reviewed what was filed in ECF, and this showed that notices were filed with ECF on December 7, 2007, and then sent by ECF to the three address listed above. When apprised of this, Ms.

---

[2] The addresses shown on the Notice of Electronic Filing are: cjohnson@jarlawgroup.com; dcintron@johnsonlaw.us; and njackson-alford@johnsonlaw.us. Doc. No. 32 at 10.

> Cintron stated that she never got the emails, and that Ms. Jackson-Alford no longer works at the firm, and that Defense Counsel's email address is wrong in ECF.[3]

Doc. No. 32 at ¶¶ 6-7. The Mediator argues that while it is possible defense counsel's email address may have been wrong in CM/ECF at the time the notice of mediation was sent due to counsel changing law firms, the Court's CM/ECF Administrative Procedures Manual places the responsibility for correcting that information squarely on counsel. Doc. No. 32 at 7. Thus, the Mediator argues that because notice was also sent to Ms. Cintron, whose email address remains valid, defense counsel received proper notice of the mediation. Doc. No. 32 at 7-8.

The Mediator also asserts that defense counsel had independent notice of the mediation because on December 13, 2007, he faxed a letter to counsel for the parties confirming the mediation date, time, and location as well as the Mediator's fee.[4] Doc. No. 32 at ¶ 4. Attached to the Motion, is a printout from the Florida Bar's website showing defense counsel's fax number and a copy of the Mediator's fax receipt. Doc. No. 32 at 16, 17. The Mediator acknowledges that defense counsel continues to maintain that he never received the fax. Doc. No. 32 at ¶ 12. However, the Mediator argues that while "[i]t is apparent that the fax (like the earlier email) was misplaced or otherwise not properly filed or addressed by defense counsel's office . . . this does not constitute a professionally excusable reason not to appear." Doc. No. 32 at 8. Thus, the Mediator argues that "there is no valid reason for Defendant and Defense counsel not to have appeared at the duly noticed mediation conference." Doc. No. 32 at 8.

---

[3] The current email address in CM/ECF for defense counsel is cjohnson@johnsonlaw.us.

[4] The letter specified that there was a cancellation fee of $2,000 if the mediation was canceled on less than 7 business days notice. Doc. No. 32 at 15.

In the Motion, the Mediator states that after filing his Supplemental Report (Doc. No. 30), defense counsel contacted him and became "argumentative and accusatory." Doc. No. 32 at 6. The Mediator indicates that he "no longer believes he can reasonably be seen as impartial in this matter." *Id*. Pursuant to Rule 10.340(a), Florida Rules of Mediation, the Mediator asserts that a conflict of interest has arisen and he is required to withdraw. Doc. No. 32 at 6.

The Defendant has not responded to the Motion.

### III.  THE LAW AND ANALYSIS

Local Rule 9.05(c) provides that:

> Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals . . . **shall** be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

*Id*. (emphasis added). As set forth above, the CMSO in this case provided similar requirements. *See* Doc. No. 21 at 10-11 ¶ 3.  The Court finds that defense counsel had sufficient notice of the mediation conference. It is counsel's responsibility to provide accurate contact information to the Court. Section I(D)(4) of the CM/ECF Administrative Procedures for the Middle District of Florida (2007) states that: "If an attorney's email address, mailing address, telephone number, or fax number changes, the attorney shall immediately change the contact information at www.flmd.uscourts.gov." Accordingly, it is apparent that both the Defendant and defense counsel should have personally appeared and participated in good faith.

Rule 16(f), Federal Rules of Civil Procedure (2007), provides that when, as here, a party or a party's attorney fails to obey a scheduling or pretrial order, the judge "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C),

(D)." Rule 16(f) further provides that "[i]n lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." *Id*. The Court finds the Mediator's cancellation fee of $2,000 and cost of $325 to bring the current motion to be a fair and reasonable sanction. Thus, the Motion should be granted.

**THEREON IT IS RECOMMENDED** that:

1. The Court GRANT the Motion (Doc. No. 32) and impose a sanction in the amount of the Mediator's cancellation fee, $2,000, plus $325 in attorney's fees against Defense counsel;

2. The Court direct Defense counsel to pay $2,325 to the Mediator within thirty (30) days; and

3. The Court GRANT the Mediator's request to withdraw (Doc. No. 32).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on June 3, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Patricia C. Fawsett

7