UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MISTY STEVENSON,

                Plaintiff,

-vs-                                           Case No.  6:07-cv-500-Orl-19GJK

ORLANDO'S AUTO SPECIALISTS, INC.,

                Defendant.

_____

## ORDER

This case comes before the Court on the Motion for Partial Summary Judgment by Plaintiff and Incorporated Statement of Undisputed Material Facts and Memorandum of Law (Doc. No. 33, filed May 20, 2008), and the Response Memorandum by Defendant in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. No. 39, filed June 18, 2008).

**Background**

Plaintiff Misty Stevenson filed this action against her former employer, Defendant Orlando's Auto Specialists, Inc. ("OAS"), alleging violations of the overtime provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (2006).  (Doc. No. 1 ¶¶ 10-16, filed Mar. 23, 2007.) Stevenson worked at OAS from March 4, 2006 through October 6, 2006.  (Doc. No. 10 at 1, filed June 11, 2007.)  She claims that she worked an average of 7.5 hours of overtime per week for which she was not properly compensated under the FLSA.  (*Id.* at 2.)

On May 20, 2008, Stevenson filed a Motion for Partial Summary Judgment, seeking summary judgment with respect to three issues: (1) that OAS violated 29 U.S.C. § 207; (2) that OAS is not entitled to an exemption from the FLSA; and (3) that Stevenson is entitled to liquidated

damages for any overtime hours that she worked.  (Doc. No. 33 at 1-4.)  Defendant opposes the Motion.  (Doc. No. 39.)

## Standard of Review

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004).  An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case.  *Hickson Corp.*, 357 F.3d at 1259.  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Id.* at 1260.  A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party.  *Anderson*, 477 U.S. at 255.  The court may not weigh conflicting evidence or weigh the credibility of the parties.  *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).  If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment.  *Id.*  On the other hand,

summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## Analysis

### I.   Whether Stevenson Worked an Excess of Forty Hours Per Week

Stevenson contends that there is no genuine issue of material fact that OAS violated section 207 of the FLSA by failing to compensate her at one and a half times her regular wage for hours worked in excess of forty hours per week.  (Doc. No. 33 at 2.)  She suggests that the Court find OAS liable as a matter of law for certain pay periods.  (*Id.* at 2 n.1.)

An employee who brings suit under section 216(b) of the FLSA has the burden of proving that he or she "performed work for which he [or she] was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972).  Normally an employee may "easily discharge his burden" by securing and producing the relevant employment records from the employer.  *Id.* at 687.  However, when the employer's records are inaccurate or inadequate, an employee carries out his or her burden by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*  Upon such a showing, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88; *see also Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982).

As Stevenson acknowledges, there is a dispute between the parties over how much overtime she worked. (Doc. No. 33 at 2.)  However, Stevenson emphasizes that there is no dispute that she worked at least some overtime without proper compensation. (*Id.*)  In her Answers to the Court's Interrogatories, Stevenson estimates that she worked an average of 7.5 hours of overtime for each of the thirty-one weeks that she worked for OAS. (Doc. No. 10 at 2.)  She claims that she was not properly compensated for any of this overtime. (*Id.*)  OAS' Verified Summary indicates that Stevenson worked overtime for ten of the thirty-one weeks, and that she was paid time and a half for her overtime work during four, but not all ten, of these pay periods. (Doc. No. 14 at 1-10, filed June 26, 2007.)

In its Response to Stevenson's Motion for Partial Summary Judgment, OAS only briefly addresses this issue.[1]  According to OAS, "Plaintiff's duties would not require or necessitate her to perform any tasks in excess of her 40 hours work schedule.  In fact, there were several occasions when Plaintiff failed to work a 40 hour work schedule." (Doc. No. 39 at 2.)  It is unclear what OAS is attempting to argue in this passage.  In light of its own admission that Stevenson actually worked some overtime and was not compensated at one and a half times her regular wages for that time, it does not matter whether her duties would or would not necessitate overtime work.  Further, an employer is liable for each workweek in which it fails to properly compensate an employee for overtime work, 29 U.S.C. § 207(a), and the fact that Stevenson may have worked less than forty hours during some weeks is irrelevant to OAS' liability for those weeks during which she worked

---

[1]     The Majority of OAS' response concerns Stevenson's job duties.  That issue is addressed below.

more than forty hours.  29 C.F.R. § 778.104 ("The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks.").

To establish liability under the FLSA, Stevenson is required to show that the employer knew, or had reason to know, that she worked in excess of forty hours per week and was not properly compensated.  *Allev v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007). OAS' own Verified Summary establishes its knowledge that Stevenson worked at least some overtime and was not compensated according to the FLSA.

Accordingly, there is no genuine issue of material fact that Stevenson worked in excess of forty hours per week during at least ten pay periods and that OAS failed to compensate her at one and a half times her regular wage for her overtime hours during at least six of these periods.[2]  (Doc. No. 14 at 1-10.)  Thus, assuming OAS is not subject to an exemption from the FLSA, *see infra* Section II, its liability for these pay periods has been established as a matter of law.  Whether Stevenson worked more hours than reflected in the Verified Summary is an issue to be determined at trial.

## II.     Whether OAS Is Entitled to an Exemption to the FLSA

Stevenson argues that OAS has failed to produce any evidence that it is entitled to an exemption under the FLSA.  (Doc. No. 33 at 3.)  The employer has the burden to prove by "clear and affirmative evidence" that it is entitled to an exemption to the FLSA, which courts must construe narrowly.  *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001).

---

[2]     The Court's review of the Verified Summary indicates that Stevenson was given no compensation for her overtime hours during five pay periods and was paid at her regular wage for her overtime hours during one pay period.  (Doc. No. 14 at 1-6, 8-9.)

OAS does not explicitly argue in its Response to Stevenson's Motion that it is entitled to an exemption under the FLSA.  However, OAS does argue that genuine issues of material fact exist regarding Stevenson's job duties.  (Doc. No. 39 at 2.)  According to OAS, Stevenson's four responsibilities were to answer the phone, take and deliver messages, recover faxes, and greet guests.  (Doc. No. 39 (citing Doc. No. 39-2).)  OAS disputes Stevenson's claim that she "worked with temporary tags for new vehicles" and contends that she "never performed any tasks in the service department, handled warranty documents[, or handled] lien documents."  (*Id.* at 2.)  OAS argues that the Court therefore cannot grant summary judgment because, in doing so, it would be making an impermissible credibility determination between Stevenson and OAS' witness.  (*Id.* at 2-4.)

Both OAS' Answer and its Response to Stevenson's Motion fail to identify an exemption that could potentially apply in this case.  (*See* Doc. No. 7, filed May 7, 2007; Doc. No. 39.)  Any affirmative defense that is not pled in the Answer is considered waived.[3]  *E.g.*, *Troxler v. Owens-Illinois, Inc.*, 717 F.2d 530, 532 (11th Cir. 1983); *Houlihan Lokey Howard & Zukin Capital, Inc., v. Protective Group, Inc.*, 506 F. Supp. 2d 1230, 1243 (S.D. Fla. 2007).  Moreover, OAS bears the burden of proving its entitlement to an exemption, and it is not the Court's role to make legal

---

[3]      OAS has filed a Motion to Amend its Answer.  (Doc. No. 59, filed Aug. 22, 2008.) The Motion remains pending before the Court and has been referred to the Magistrate Judge. Notably, the proposed amendments to the Answer do not seek to include OAS' entitlement to an exemption as an affirmative defense.  (*See id.* at 4-6.)

arguments for a party.[4]  Accordingly, summary judgment must be granted in favor of Stevenson on this issue.

### III.    Stevenson's Entitlement to Liquidated Damages

Finally, Stevenson argues that she is entitled to liquidated damages as a matter of law because there is no evidence in the record establishing that OAS acted in good faith when it failed to pay her overtime wages. (Doc. No. 33 at 4.)

The FLSA provides that "[a]ny employer who violates . . . [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, an employer may avoid liquidated damages by demonstrating that it acted in good faith and had reasonable grounds for believing that its act or omission was not a violation of the FLSA.  *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991).

This determination has both a subjective and objective component. *Id.* The subjective component refers to the employer's actual belief.  *See id.*  On the other hand, the objective component measures the reasonableness of the employer's belief and appears to "require[ ] some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597

---

[4]        In any event, even if the Court were to determine whether an exemption should apply, the factual dispute which OAS has identified does not raise a genuine issue of material fact concerning its entitlement to an exemption.  In fact, Stevenson's description of her job duties, which includes the handling of legal documents and work in the service department, would provide a better argument for affording OAS protection under the professional or administrative exemptions to the FLSA than OAS' description of her duties.  Under either version, however, summary judgment is clearly appropriate.  The "administrative" and "professional" exemptions require, among other things, that Stevenson be paid on a salary basis of at least $455 per week.  29 C.F.R. §§ 541.200, 541.300.  There is no dispute that she was paid by the hour at a lower wage.

F.2d 464, 469 (5th Cir. 1979).[5]  As for procedural matters, the defendant bears the burden of avoiding the imposition of liquidated damages, *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987), and "the Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (citing 29 U.S.C. § 260).

OAS failed to plead in its Answer that it acted in good faith, an omission which precludes it from raising the defense now.[6]  *Troxler*, 717 F.2d at 532.  Further, OAS has not offered evidence establishing that it had good faith and reasonable grounds for believing that Stevenson was not subject to the FLSA.  In fact, OAS completely ignores this issue in its Response to Stevenson's Motion for Partial Summary Judgment.

The Court's own review of the record found no indication that OAS had a good faith and reasonable belief that Stevenson was not subject to the FLSA.  Because OAS bears the burden to avoid the imposition of liquidated damages, and the record contains no evidence in its favor, summary judgment must be granted in favor of Stevenson on this issue.[7]

---

[5]     The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[6]     Again, this affirmative defense is also absent from OAS' proposed amendments to the Answer.  (Doc. No. 59 at 4-6.)

[7]     Stevenson also requests, in a footnote, that the Court determine her entitlement to attorney's fees and costs.  (Doc. No. 33 at 2 n.1.)  The Motion contains further no analysis of this issue.  The appropriate time to raise the issue of attorney's fees and costs is generally after the Court enters judgment in the plaintiff's favor.  *See Gordon v. Heimann*, 715 F.2d 531, 537 (11th Cir. 1983).  Accordingly, the request will be denied without prejudice to its reassertion at the appropriate time.

**Conclusion**

Based on the foregoing, the Motion for Partial Summary Judgment by Plaintiff and Incorporated Statement of Undisputed Material Facts and Memorandum of Law (Doc. No. 33, filed May 20, 2008) is **GRANTED**.  The Court finds that no genuine issues of material fact exist with respect to the following issues: (1) that OAS has violated 29 U.S.C. § 207 as stated in this Order; (2) that OAS is not entitled to an exemption under the FLSA; and (3) that Stevenson is entitled to liquidated damages.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 22, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record