# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MISTY STEVENSON,**

                                  **Plaintiff,**

**-vs-**                                                   **Case No.  6:07-cv-500-Orl-19GJK**

**ORLANDO'S AUTO SPECIALISTS, INC.,**

                                  **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **JOINT NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL** (Doc. No. 81) |
| **FILED:** | October 6, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

Plaintiff and Defendant jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA"), dismiss the case with prejudice, and retain jurisdiction over the enforcement of the Agreement for a period of sixty (60) days. Doc. No. 81.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

On October 2, 2008, the undersigned participated in the settlement conference between the parties where the Agreement was reached and has reviewed the proposed Agreement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). The undersigned finds the Agreement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel who were obligated to vigorously represent their clients. The parties agreed to settle Plaintiff's claim for a total sum of $8,000.00 in attorney's fees and costs plus a waiver and release by the Defendant from a restitution judgment entered against Plaintiff as part of a state criminal proceeding. Doc. No. 81-2 at ¶ 3(A)-(B). The Defendant has agreed to, within thirty (30) days from the execution of the Agreement, file any and all paperwork necessary to satisfy Plaintiff's restitution obligation. *Id*. at ¶ 3(A). Defendant will pay the total sum of $8,000.00 to Plaintiff's counsel in attorney's fees and costs. *Id*. at ¶ 3(B). The undersigned finds the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

In the Joint Notice of Settlement and Stipulation of Dismissal (the "Joint Notice"), the parties also request that this Court "retain jurisdiction to enforce the terms of settlement." Doc. Nos. 81 at ¶ 4, 81-2 at ¶ 4. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (decision from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order.  As the parties agree that any breach of the agreement is to be determined by applicable Florida law, and because breach of the agreement would not involve any federal claim, the Court should not retain jurisdiction to enforce the settlement agreement. Doc. 81-2 at ¶ 4.

    **THEREON IT IS RECOMMENDED THAT THE COURT**:

1.  **GRANT in part** the Joint Notice (Doc. No. 81) only to the extent that the Court fins the parties' settlement is fair and reasonable;

2.  **DENY** that portion of the Joint Notice requesting the Court retain jurisdiction; and

3.  Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

    Recommended in Orlando, Florida on October 8, 2008.

              _____
                GREGORY J. KELLY
               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Patricia C. Fawsett
Counsel of Record.